UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-CR-20060 |
| JEFFREY M. WEST, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO RECONSIDER DETENTION ORDER**

The United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, through undersigned counsel, hereby responds to the defendant's Motion to Reconsider Detention Order and in support thereof, states as follows:

**I. Introduction**

Defendant Jeffrey M. West, a convicted child sex offender, faces an enhanced penalty for his pending child sex offense, and moves this Court to reconsider his pre-trial detention based on the speculative prospect of an uncontained COVID-19 outbreak in his detention facility puts him at risk. That speculation neither undermines the propriety of detention under 18 U.S.C. § 3142(e) nor justifies temporary release under 18 U.S.C. § 3142(i). Defendant's arguments ignore the facts justifying his detention; they overlook the detention facility's aggressive preparations for COVID-19; and they would endorse

the mass release of pre-trial detainees into the community--jeopardizing, rather than promoting, public health and safety.

As this Court previously concluded, defendant is a danger to the community. R. 11. He remains so. *See* 18 U.S.C. § 3142(e)(3). Particularly given the procedures that the United States Marshals Service and the detention facilities have adopted to protect inmates' health, there is no evidence that releasing defendant would promote his--or anyone else's--safety. This is particularly true given the gravity of defendant's crimes, his criminal history, and history of absconding from supervision.

## II. Procedural History

On September 4, 2019, the Springfield Grand Jury returned an Indictment charging the defendant with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). R. 1. The Grand Jury superseded this indictment, adding two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e). R. 13.

On September 16, 2019, the defendant appeared before the court for his detention hearing, at which time the government moved for his detention. D.E. 9/16/2019. Defendant argued for his release seeking home confinement. The U.S. Probation office investigated possible release options, but found "no condition or combination of conditions" would reasonably assure the safety of the community. R. 10. On September 16, 2019, after the parties proffered evidence and presented augments, the Court made the following findings:

   a. That there was clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community;

   b. That no condition or combination of conditions of release will reasonably assure the defendant's appearance as required;

   c. That the weight of evidence against the defendant is strong;

   d. Defendant is subject to a lengthy period of incarceration if convicted;

   e. Defendant has a prior criminal history;

   f. That there is a history of violence or use of weapons;

   g. That there is a prior history of alcohol or substance abuse.

Therefore the Court ordered his detention pending trial. He is presently housed at the Macon County Jail (MCJ). R. 11.

On April 30, 2020, the defendant filed his Motion to Reconsider Detention Order. In the motion, he cites the ongoing spread of the Coronavirus Disease ("COVID-19") as a basis for his release, stating that he is particularly high-risk, because he suffers from hypertension and claims that he is being adequately monitored at the MCJ for a preexisting condition. R. 17.

### III. Legal Framework and Argument

   A.   *Defendant is a danger to the community and detention is required*

Defendant is a sex offender, having sustained a prior conviction for aggravated criminal sexual abuse in Coles County, Case No. 01CF536. Defendant's prior conviction

for aggravated criminal sexual abuse serves as a predicate to enhance his sentence. Counts two and three of his indictment subjects the defendant to a mandatory enhanced penalty range of 25 to 50 years imprisonment if he "has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10," "or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2251(e).

A defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate where a defendant is either a danger to the community or a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Where, as here, there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 2251(a), it is presumed that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). That "presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal quotations and citation omitted).

B. *The Current Covid-19 Situation Is Immaterial To Whether The Defendant Presents A Risk Of Flight*

Section 3142(f) of Title 18 permits a detention hearing to be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Typically, this hearing should be reopened before the judicial officer who initially entered the order of detention. *See United States v. Hudson*, 2004 WL 2032119 (N.D. Ill. 2004). Further, Section 3142(g) of Title 18 sets forth the factors courts shall consider when determining whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." In its detention order, the Court addressed each statutory factor: the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. As noted above, after considering all of the statutory factors, the Court ordered that the defendant be detained. R. 11.

None of the statutory factors have changed since the defendant's detention hearing. Concerns regarding COVID-19 existed in the general population at the time the Court ordered the defendant detained, obviously those concerns have since escalated. Nonetheless, current COVID-19 concerns do not negate any of the previous findings of this Court made pursuant to 18 U.S.C. § 3148. Nothing about the COVID-19 pandemic

5

materially changes the defendant's danger to others. *See* 18 U.S.C. § 3142(e)(1). To be sure, the Court may also consider the "person's…physical and mental condition." 18 U.S.C. § 3142(g)(3)(a). However, the defendant does not assert that his condition has changed; any diagnoses he has at present, he also apparently had at the time of detention. *See e.g. United States v. Tingle*, 2016 WL 6715515, at *3 (S.D. Ind. Nov. 15, 2016), *aff'd in other grounds,* 880 F.3d 850 (7th Cir. 2018)(denying defendant's motion to reopen the detention hearing because the defendant "was aware of his medical conditions at the time of the detention hearing and his conditions have no bearing on the issue of whether there are conditions of release that would assure the safety of any other person and the community."); s*ee also United States v. Hundley*, 2008 WL 2566748, at *2 (N.D. Ind. June 24, 2008) (denying motion to reopen detention hearing to allow for rehabilitation and physical therapy after a knee surgery that occurred prior to the detention hearing, finding this information was "not newly discovery evidence.")

In fairness, this is a novel situation with regularly changing circumstances, but that does not change the fact that defendant must still meet the standards required by both statute and previous court findings around the country. *See, e.g., United States v. Woods*, No. 19-CR-20112-02, 2020 WL 1493488, at *4 (E.D. Mich. Mar. 28, 2020) ("the COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial"); *United States v. Martin*, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) (explaining that "as concerning as the COVID-19 pandemic is," a court must nonetheless conduct "an individualized assessment of the factors identified by the Bail Reform Act"). The

defendant's medical needs and potential reaction to COVID-19 should he contract it are but one of the factors for the Court to consider.

    C.    *Temporary Release Under Section 3142(i) Is Not Warranted*

Defendant's motion relies on 18 U.S.C. 3142(i) as the basis for granting release on conditions (specifically that he be allowed home detention). R. 17. However, 18 U.S.C. 3142(i) permits only temporary release. The defendant's release here would be indefinite. That is, there is no end-date, nor measurable criteria, by which this Court could reasonably determine the immediate and compelling need for release has been satisfied and return to custody is appropriate. Under 18 U.S.C. § 3142(i), a judicial order may "permit the temporary release" of a defendant "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Defendant bears the burden to show that temporary release is necessary under this provision. *United States v. Dupree,* 833 F. Supp. 2d 241, 246 (E.D. NY 2011). Release under § 3142(i) is intended for "extraordinary circumstances," which are exceedingly rare. *United States v. Rebollo-Andino*, 312 Fed. Appx. 346, 348 (1st Cir. 2009).

Specifically, "it is a rare case in which health conditions present an 'exceptional reason'" justifying release where detention would otherwise be warranted. *See, e.g., United States v. Wages*, 271 Fed. Appx. 726, 728 (10th Cir. 2008) (applying 18 U.S.C. § 3145(c); collecting cases). Although courts have thus occasionally found a defendant's own serious medical condition to justify temporary release, defendant (1) does not

identify any such condition, compare *United States v. Birbragher*, No. 07-CR-1023, 2008 WL 1883504, at *2 (N.D. Iowa Apr. 25, 2008) (collecting cases regarding serious medical issues justifying temporary release, such as a terminal AIDS diagnosis or life-threatening gunshot wounds), and (2) seeks indefinite rather than temporary release.

Given the nature of defendant's stated medical condition and the motion to reconsider being filed on behalf of the defendant, the United States Attorney's Office contacted the U.S. Marshals Service to determine if the MCJ could adequately address defendant's medical needs him during this time.  DUSM Danielle Hale confirmed that the MCJ can adequately address defendant's medical needs during this pandemic health crisis.

The mere fact that defendant is in custody during a pandemic is not an "exceptional reason." *Wages*, 271 Fed. Appx. at 728.  To the contrary, facts reflect that defendant is the beneficiary of intense--and thus far successful--efforts to insulate inmates from COVID-19.  As outlined below, defendant's facility has taken extraordinary steps to avoid or mitigate the virus's spread.  Even before COVID-19, however, detention facilities had protocols in place to combat the spread of infectious diseases, including significant quarantine and isolation protocols.  Defendant provides no evidence that those protocols--or the medical services within MCJ--are insufficient. Defendant cannot meet his burden to prove temporary release is necessary for a compelling reason when there is nothing about his release that suggests it would be in anyway temporary.

Further, his proposed release plan was previously rejected. Defendant proffered his residence, where some of crimes alleged in the indictment occurred, at his detention

8

hearing, but the court determined that the risk of danger he posed to the community was too great to warrant release.

In the context of release based on medical needs, such need must effect a life-threatening illness for which the defendant cannot receive effective treatment. There has been no showing of that at this time; instead the record before the court involves mere speculation on the part of defense counsel, and a series of articles discussing the impact of COVID-19 in the community generally.

In addition, the United States Attorney's Office communicated with Chief Deputy U.S. Marshall Justin Hamrock on the status of all Central District detention facilities, and he advised that as of this writing there are no confirmed or even suspected cases of COVID-19 at the MCJ facility. Nonetheless, in response to the recent spread of COVID-19 outside of the jail system, the facility has taken the following measures:

1. Social visits and volunteer activities have been fully suspended to limit the possibility of the disease entering the facility;
2. Body temperature is measured for any attorneys and new inmate prior to their entering the facility;
3. Attorneys are requested to use non-contact visits with clients;
4. If attorneys elect to use contact visit areas they are issued disinfectant, and facility personnel disinfect the visit room after each use;
5. Housing unit surfaces are cleaned daily;

9

6. Inmates are moved from their living quarters only for purposes of medical treatment and Court appearances;

7. Restraints are regularly disinfected; and

8. Signage is posted throughout the facility with basic hygiene reminders.

Even if someone at the MCJ is diagnosed with the illness, there is no evidence that the facility is incapable of handling those who are sick, including the defendant, or controlling the spread of the virus. In fact, given public social distancing guidelines and the strain placed on our general health system by COVID-19, it is unknown at this time whether the defendant faces less risk of contracting the virus in MCJ, rather than in his community, or if infected, whether the defendant would obtain better treatment through the MCJ facility than he would at his home (as most cases do not require hospitalization) or at a potentially overburdened hospital.

In conclusion, the defendant has failed to meet his burden of proving a compelling need for his release on conditions. The nature and circumstances on which he bases his claim, while logically arguable, are not ripe for consideration and are too speculative to grant the relief sought. Further, the nature of his request for release with conditions does not satisfactorily address the appropriateness of placement, nor the monitoring requirements needed, and the limited resources of personnel who handle such monitoring during this unprecedented time. Finally, assuming the general premises put forth by the defendant were favorably considered by the Court, it would still be reasonable to find community spread of the virus presents a greater risk to the defendant

than being confined at a facility isolated from the public and with measures to address introduction and spread in place.

WHEREFORE, for the reasons stated above, the government respectfully requests that the Court deny the defendant's Motion to Reconsider Detention Order.

    Respectfully submitted,

    JOHN C. MILHISER
    *United States Attorney*

    S/ELLY M. PEIRSON
    *Assistant United States Attorney*
    IL Bar No. 6298075
    201 S. Vine Street, Suite 226
    Urbana, Illinois 61802
    Telephone: (217) 373-5875
    elly.peirson@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2020, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send a copy of same to defense counsel.

s/Elly M. Peirson
*Assistant United States Attorney*
