E-FILED
Tuesday, 25 August, 2020  01:29:56 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-CR-20060 |
| v. | ) | |
| | ) | |
| JEFFREY M. WEST, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* AND NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS OF CHILD MOLESTATION

The United States of America, by its attorney, John C. Milhiser, United States Attorney for the Central District of Illinois, through undersigned counsel, respectfully, provides notice pursuant to Fed. R. Evid. 414 and 404(b) of its intent to introduce other acts of child molestation and moves *in limine* for a pretrial ruling of the admission of such evidence. In support thereof, the government states the following:

### I.  Introduction and Background

On September 4, 2019, the Springfield Grand Jury returned an Indictment charging defendant Jeffrey M. West with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). R. 1. The Grand Jury superseded this indictment, adding two additional counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), on February 5, 2020. R. 13. This matter is set for trial commencing December 14, 2020, before Senior United States District Judge Michael M. Mihm.

## II.  The Government's Evidence

The government's evidence in this case will include that during an unrelated investigation, Mattoon Police responded to the residence of a nine-year-old boy, John Doe 1. The boy disclosed to a patrol officer that "Jeff touched me." During a forensic interview John Doe 1 indicated that his grandfather did business with defendant Jeffrey West, so he occasionally went to West's place of business and residence. West would often display pornography on the television while John Doe 1 was there and offer him sex toys to "put on [his] wiener to make it hard." John Doe 1 described a purple vibrating sex toy that West took out of his top desk drawer.

On or about May 15, 2019, West offered John Doe 1 $100, if John Doe 1 would send a picture of his penis to West. John Doe 1 complied and West directed him to delete the picture so no one would see it. John Doe 1 stated the money West promised him in exchange for this photograph was located in West's desk drawer, second drawer down on the right side.

A.     *Interview with West*

West acknowledged that John Doe 1 would have occasion to be at his residence and at his business based on his relationship with John Doe 1's grandfather, and admitted that there was pornography playing on the television on one occasion, but claimed he turned it off. West denied having a purple vibrator in his desk drawer. West initially denied receiving the image from John Doe 1, but later in the interview admitted that he received the image, but said it was too small for him to see what it was. With regard to

the money he promised John Doe 1, he said he started a "fund" for the child's well-being and kept it in his desk drawer.

B.     *Search of West's residence and business*

Mattoon police conducted a search of West's residence and business on May 24, 2019. They located a sex toy, consistent with the description John Doe 1 gave in West's top desk drawer, THC gummy candy, and numerous hard drives, computers, and other digital media. They also located an envelope with John Doe 1's name on it, in West's desk drawer containing $160.00 in U.S. currency.

C.     *Forensic Examination of West's devices*

Detective Michael Johnson examined the digital evidence retrieved from West's residence and business and found a voluminous amount of child pornography on nearly every item. Specifically, Det. Johnson found violent and graphic images and videos depicting very young minors, including infants. Detective Johnson also located user attribution evidence linking the digital media to West, such as his accounts and passwords to: jeff@mattoonchristianchurch.org, westsidemotors@outlook.com (his business), and the account "jeffwest" for his www.mycarle.com account.

On this single hard drive he located 150 videos and 300 images containing child pornography. He also located google searches for "anatomically correct baby doll torsos." On other devices, Det. Johnson found additional images and videos of child pornography. This chart summarizes Det. Johnson's findings, which are the basis for Count One in the indictment:

| Item | Number of Videos | Number of Images |
|------|:----------------:|:----------------:|
| **Seagate 320GB Hard Drive** | 150 | 300 |
| **Black 4GB Thumb drive (damaged)** | 2 | 6 |
| **Pink 4 GB Thumb drive** | | 200 |
| **Purple/Black 1GB Thumb drive** | | 3 |
| **Black 2GB PNY Thumb drive** | | 75 |
| **Red 2 GB Thumb drive** | 20 | 60 |
| **SanDisk Cruzer 64 GB Thumb drive** | 20 | 60 |
| **Total** | **192** | **704** |

D. *Sexually Explicit Image of John Doe 1 (Count Two)*

John Doe 1's mother allowed law enforcement to take photographs of the text messages John Doe 1 exchanged with West which led to John Doe 1 producing a sexually explicit image of himself and sending it to West. The messages were sent to West using the texting application TextNow.[1]

The messages that precede the image of John Doe 1 show that John Doe 1 used the telephone number (331) XXX-2888 to send messages to (217) XXX-8649 (West admitted this was his phone number and a subpoena to Verizon confirmed that the account was in

---

[1] According its website, TextNow is an application that allows the user to obtain a free phone number and send text messages using an Internet connection. The product description states, "Download and use TextNow on any device to get a free phone number, and call and text anywhere in North America for free." https://www.textnow.com/

West's wife's name). Beginning at 1:46 p.m. on May 15, 2019, John Doe 1 sent messages stating he is interested in purchasing a Chevy HHR (West repaired and sold cars through his business, West side Motors). West tried to call the number, but John Doe 1 would not answer and said he cannot call. John Doe 1 then said that he doesn't like talking to people over the phone and sent an image of his pants pulled down exposing his penis. West did not respond.

Detective Johnson conducted a second interview with John Doe 1 to understand the context of the preceding messages. John Doe 1 confirmed that he sent the image of his penis to West because West promised to pay him $100 if he did. He said he used his grandmother's old phone and a texting application to "prank" West about the car and then sent the image of his genitals.

Verizon confirmed, pursuant to a subpoena that the phone number (217) XXX-8649 is registered to defendant's wife, at his home address. The records further confirm that West received an MMS message from telephone number (331)XXX-2888 on May 15, 2019, at 15:16 (Eastern Time), which is consistent with the image retrieved from John Doe 1's TextNow application.

E.     *Omegle videos (Count Three)*

During the forensic examination, Detective Johnson located several videos that appear to be web captures of an Internet chat with minors using the chat application Omegle.[2]

---

[2] Omegle is a free online chat website that allows users to communicate with others without having to register and account. The service randomly pairs users in one-on-one video

The videos were located on the San Disk Cruzer (64 GB) in the folder Users/Home/Documents/My CamStudio Videos. There are seven videos and three contain sexually explicit conduct. Several of the videos show that user is capturing the video chat using the program, CamStudio. The bottom of the user's screen is visible, including the program application currently open and running, the program CamStudio. Some of the videos show the user saving screenshots of the videos to a folder called "ooommm." Within that folder there are several video files, each named with a number "2", "3", "4", in addition to files named "Omegle screenshot" followed by a number. For example, this is a screen capture from the video 13.avi at about 1:12:



---

chat sessions where they chat anonymously using the names "You" and "Stranger." Omegle was initially a text-only chat that paired users at random to communicate as "strangers." However, in 2010, Omegle introduced a video mode to complement the text chat mode, which pairs together strangers who are using webcams and microphones. The video chat also has a built-in text window.

Detective Johnson also located the folder "ooommmm" on West's computer:



Based on the image content, they appear to have been captured on 10/22/2014. As shown below in the "start recording" field it appears to indicate that the recording began on 20141022_1138 (10/22/2014 at 11:38 a.m. (which is consistent with the time at the bottom of his screen)).

## III.  Evidence of Other Acts

### A.  *Sexual Molestation of John Doe 1*

John Doe 1 also described an incident that occurred on the same day that defendant directed John Doe 1 to take the photo of his genitals, where he took a shower at West's residence and West entered the shower and put his hand on John Doe 1's "wiener." West then gave John Doe 1 some candy that John Doe 1 said made him feel "hypnotized." John Doe 1 said West would often display pornography on the television while John Doe 1 was there and offer him sex toys to "put on [his] wiener to make it hard."

West denied that he had any sex toys, denied touching John Doe 1 inappropriately, but admitted John Doe 1 showered in his residence and he went into the bathroom while John Doe 1 was showering.

B.  *Sexual Molestation of Jane Doe 1 and John Doe 2*

Defendant is a sex offender, having sustained a prior conviction for aggravated criminal sexual abuse in Coles County, Illinois, Case No. 01CF536. The facts of that case include that on or about September 8, 2001, Jane Doe 1, then ten years old, was asleep in her bed, in her home and was awaken by the defendant, her neighbor, who got into her bed with her and put his hands under her clothing and grabbed her breasts and vagina.

In addition, on or about September 7, 2001, John Doe 2, then four years old, was at a family party where the defendant was also present and playing video games with the children. At one point John Doe 2 had to go to the restroom and defendant took him to the restroom and "tickled [his] pee pee."

Defendant was found guilty of two counts of Aggravated Criminal Sexual Abuse in violation of Chapter 720 ILCS 5/12-16(c)(1) and Residential Burglary in December 2003, and sentenced to eight years of imprisonment.

## IV. Admissibility of Evidence Under Federal Rule 414

Federal Rule of Evidence 414 provides in pertinent part:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

An "offense of child molestation" is defined as including any conduct proscribed by Chapter 110 of Title 18 of the United States Code, including the sexual exploitation of a minor. Conspiracies and attempts are also included. *Id.*

This notice is properly filed more than 15 days prior to the commencement of trial. "In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause." Fed. R. Evid. 414.

Rule 414 allows child molestation evidence to be admitted in cases where child pornography charges have been filed. *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014); *United States v. Gmoser*, 14-CR-20048 (C.D.Ill. Aug. 11, 2015). The Seventh Circuit has repeatedly held that evidence of this nature is properly admissible under Rule 414 and Rule 403 in child-exploitation cases. In *United States v. Hawpetoss*, 478 F.3d 820, 824 (7th Cir. 2007), the Court of Appeals recognized the congressional intent to protect the public from child molesters by enacting these rules, upholding the district court's ruling to admit prior acts of child molestation, "Congress enacted these new rules to 'protect[ ] the public from rapists and child molesters . . . . In child molestation cases, for example, a history of similar acts tend to be exceptionally probative because it shows an unusual disposition of the defendant . . . that simply does not exist in ordinary people.'" (citing Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 414 App.01(2)(d),

at 18-20 (Joseph M. McLaughlin ed., 2d ed.2005) (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole)). *Id.* (n.7))

In addition to allowing admission on the basis of the non-character theories of relevance permitted under Rule 404(b), Rule 414 allows the admission of uncharged offense evidence for the purpose of establishing propensity. The legislative sponsors explained:

> The new rules will supersede in sex offense cases the restrictive aspects of Federal rule of evidence 404(b). In contrast to rule 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing "on any matter to which it is relevant." This includes the defendant's propensity to commit sexual assault or child molestation offenses, and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense.

140 Cong. Rec. H8991; see 140 Cong. Rec. S12990; 137 Cong. Rec. S3238-41; David J. Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 Chi.-Kent L. Rev. 15, 18-21 (1994); *United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996) (Rule 414 makes evidence of prior acts of child molestation admissible without regard to Rule 404(b)); *United States v. Castillo,* 140 F.3d 874, 879 (10th Cir. 1998) (Rule 414 "allows the prosecution to use evidence of a defendant's prior acts for the purpose of demonstrating to the jury that the defendant had a disposition of character, or propensity, to commit child molestation," replacing the "restrictive Rule 404(b), which prevents parties from proving their cases through 'character' or 'propensity' evidence").

In *United States v. Julian*, 427 F.3d 471, 486 (7th Cir. 2005), the Seventh Circuit recognized that "the legislative history reveals that by 'any matter to which it is relevant' Congress intended to include the defendant's propensity to engage in the offense of sexual assault with which he has been charged." (citing 137 Cong. Rec. 6032 (section-by-section analysis of Comprehensive Violent Crime Control Act of 1991, in which adoption of Rules 413-415 was initially proposed); 140 Cong. Rec. 23603 (statement of Rep. Molinari); see *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004); *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001); see also *Cunningham*, 103 F.3d at 556.

In *Hawpetoss*, the Seventh Circuit noted that the admissibility of evidence under these rules does not "'displace the court's authority pursuant to Rule 403 to exclude evidence of a prior assault if its probative value is substantially outweighed by the danger of unfair prejudice.'" 478 F.3d at 824 (quoting from *Julian*, 427 F.3d at 487). While the court recognized that other districts have established factors to consider in determining the admissibility of other acts of child molestation, the Seventh Circuit has declined not to adopt the "rigid" five factor test,[3] instead encouraging the district court to adopt a more "flexible" approach as there are "innumerable" factors a court can consider in weighing the admissibility of uncharged acts of child molestation. *Id*. at 825. The Seventh Circuit has instructed trial courts to conduct a "two-step inquiry" in evaluating evidence under

---

[3]As articulated in *United States v. LeMay*, those factors are: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." 260 F.3d 1018, 1028 (9th Cir. 2001).

Rule 414. First, this Court must decide whether the evidence falls under the gambit of Rule 414 and second this Court must weigh the balancing test under Rule 403 and "assess the risk of unfair prejudice" the evidence poses. *United States v. Resnick*, 823 F.3d 888, 894–95 (7th Cir. 2016), *see also United States v. Sturm*, 590 F.Supp.2d 1321. 1325-26 (D.Colo. 2008) (outlining a similar three-part test: (1) the defendant is accused of a crime involving child molestation; (2) the evidence proffered is evidence of the defendant's commission of another offense involving child molestation; and (3) the evidence is relevant pursuant to Federal Rule of Evidence 401 and admissible under Federal Rule of Evidence 403.)

   A.   *Defendant is Charged With Acts of Child Molestation*

Defendant West is charged with an "offense of child molestation" within the meaning of Federal Rule of Evidence 414. Pursuant to the Indictment, defendant is charged with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), and attempting to do so, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Rule 414 defines an "offense of child molestation" in relevant part as "any conduct prohibited by 18 U.S.C. chapter 110[.]" Fed. R. Evid. 414(d)(2)(B). The charges under §§ 2251 and 2252 are found under chapter 110 of Title 18. Indeed, courts in this circuit and throughout the country have held that offenses involving the sexual exploitation of minors and child pornography are acts of child molestation meeting the threshold requirement for Rule 414. *Foley*, 740 F.3d at 1087-88; *United States v. Angle*, 234 F.3d 326, 341-42 (7th Cir. 2000).

This accords with the result in numerous other circuits. For example, in *United States v. Summage,* 575 F.3d 864 (8th Cir. 2009), the defendant was convicted of two counts

of production of child pornography and one count of possession of child pornography.

On appeal, the Eighth Circuit noted that under Rule 414(d)(2), the crime of child

molestation includes "any conduct proscribed by" 18 U.S.C. §§ 2251 to 2260A, which

includes production and possession of child pornography." *Summage*, 575 F.3d at 878.

The court, therefore, upheld the admission of testimony by a witness that the defendant

molested her when she was a child because the evidence was "highly probative" and

showed that the defendant "had a sexual interest in children and had previously created

visual images of children engaged in sexual activity." *Id.* at 879. Similarly, in *United States

v. Davis*, 624 F.3d 508, 511 (2nd Cir. 2010), the defendant was convicted of possession,

attempted distribution, and production of child pornography. The court upheld the

admission of a conviction from 19 years prior of a sodomy offense involving a child below

the age of 14, pursuant Rule 414, to prove the defendant's "propensity and proclivity," to

commit the charged conduct. *Id.* at 511. The Second Circuit found that this evidence was

not unduly prejudicial. *Id. See also*, *United States v. Cooper,* 2011 WL 2749588, 1 (11th Cir.

July 13, 2011) (unpublished) (in receipt of child pornography case, affirming the

admissibility of the defendant's prior convictions for three counts of child molestation

under Rule 414 and alternatively under Rule 404(b)); *United States v. Moore,* 2011 WL

1834433 (5th Cir. 2011) (unpublished) (in receipt and possession case, affirming the

admissibility of evidence under Rule 414 that defendant touched the "clothed buttocks"

of his step daughter when she was twelve to show the defendant's "sexual interest in

children"); *United States v. Merz,* 396 Fed. App'x. 838, 842, 2010 WL 3965856, 4 (3rd Cir.

2010) (unpublished) (in advertising, possession, receipt, and transportation case, the

court found that "the charged offenses were proscribed by 'chapter 110 of title 18, United States Code' qualifying this as 'a criminal case in which the defendant is accused of an offense of child molestation' under Rule 414); *United States v. Miller,* 2011 WL 166717, 1 (S.D.Ill. 2011) (same); *United States v. Loughry,* 2010 WL 1521305, 1 (S.D.Ind. 2010) (same). Indeed, the United States could not find a single case holding that child pornography offenses in general, and the offense of production of child pornography in particular, were not acts of child molestation as defined in Rule 414. Therefore, the first requirement is met.

        B.    *The Proffered Evidence is Also Another Offense of Child Molestation*

A "child," as defined in Rule 414, means a person below the age of 14. Fed.R.Evid. 414(d)(1). John Doe 1 was nine years old at that time of charged conduct and at the time of the proffered evidence, therefore, he clearly meets the definition of "child" within the meaning of Rule 414. Fed. R. Evid. 414(d). Similarly, the acts involving Jane Doe 1 and John Doe 2 occurred when they were ten years old and four years old, respectfully, therefore they are "children" in this context. In addition, the proffered conduct with John Doe 1 occurred on the same day and near the same time as the charged conduct with John Doe 1. Therefore, the proffered conduct involving John Doe 1, Jane Doe 1, and John Doe 2 is also a child pornography offense and meets the second requirement under Rule 414.

        C.    *The Proffered Evidence is Relevant Under Rule 401 and Admissible Under Rule 403*

Rule 401 states:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

Defendant's conduct in molesting John Doe 1 is highly probative of his propensity, his sexual intent, and his motive to encourage, entice, and coerce John Doe 1 to produce a sexually explicit image of his genitals. Additionally, defendant's molestation of John Doe 1 is highly probative of his sexual interest in John Doe 1, and tends to make the image depicting John Doe 1's genitals more lascivious. Indeed, the evidence involving John Doe 1 is inextricably intertwined in the sexual exploitation charge, making it nearly impossible for government to present John Doe 1's statement without the context of the acts that surrounded it. In order to understand John Doe 1's testimony, the jury must hear that the defendant showed him pornography, encouraged him to use sex toys, provided him with drug-laced candy, and sexually molested him. All of these acts are part of the same course of conduct leading to the sexual abuse and exploitation of John Doe 1 on the same day.

Further, defendant's sexual molestation of Jane Doe 1 and John Doe 2 are similarly probative of his motive, intent, and sexual interest in John Doe 1 and his sexual exploitation of the unidentified children that are the victims of Count Three. These prior convictions show that defendant's sexual interest in children did not begin with John Doe 1. Defendant has a long history of sexual interest in minors, as evidenced by his prior convictions involving Jane Doe 1 and John Doe 2. Similarly, the conduct charged in Count

Three, which occurred five years prior to the conduct with John Doe 1, corroborates defendant's historical interest in the sexual exploitation of young minors. Finally, defendant's sexual molestation of these three children, all age ten or younger, proves identity, that defendant is the person who caused the production of the Omegle videos charged in Count Three.

Although clearly relevant, this Court must also weigh the evidence's admissibility under Rule 403. "Rule 403 gives a court discretion to exclude evidence that is problematic because of the danger of 'unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Foley*, 740 F.3d at 1088, quoting Fed. R. Evid. 403. The probative value here is great, involving both the same minor and similar conduct with other minors. Courts throughout the country have allowed into evidence child and victim testimony regarding allegations of sexual abuse that occurred over a decade earlier. *See, e.g., United States v. Meacham*, 115 F.3d 1488, 1490-95 (10th Cir. 1997) (over 30 years); *United States v. Koruh*, 210 F.3d 390, 2000 WL 342252, at **1, 3-4 (10th Cir. 2000) (unpublished opinion) (16 to 20 years); *United States v. Roberts*, 185 F.3d 1125, 1141-43 (10th Cir. 1999) (ongoing sexually assaultive conduct against numerous victims between 1977 and 1993); *United States v. Larson*, 112 F.3d 600, 604-05 (2d Cir. 1997) (16 to 20 years before trial); *United States v. McDonald*, 53 M. J. 593, 594-95 (Navy-Marine Ct. Crim. App. 2000) (15 to 16 years before trial); *United States v. Eagle*, 137 F.3d 1011, 1015-16 (8th Cir. 1998) (10 years); *United States v. LeCompte*, 131 F.3d 767, 768-70 (8th Cir. 1997) (8 to 10 years). In contrast, the evidence offered here involving John Doe 1 - conduct that occurred close in time and manner to the charged offenses - is

far less likely to contribute to an improperly based jury verdict. Further, the United States plans to present this evidence through the testimony of John Doe 1, who will already testify to similar conduct, therefore, the risk of unfair prejudice is minimal. *United States v. Al-Awadi*, 873 F.3d 592, 599 (7th Cir. 2017) (upholding the admissibility victim's molestation by defendant who claimed he did not take the pictures with a sexual purpose because the molestation was probative to demonstrate victim's "credibility, and the evidence was not so graphic that its prejudicial impact outweighed its probative value.")

The government concedes that the conduct involving Jane Doe 1 and John Doe 2 occurred in 2001, but the government intends to admit that evidence through the certified court records of defendant's conviction or by stipulation instead of live testimony of victims to reduce the prejudicial effect. Finally, the prejudicial impact of this conduct is minimal compared to the videos of child pornography in the defendant's collection. The jury will see graphic images of child sexual abuse, including infants being subjected to oral and vaginal sex with an adult male who ejaculated on the infant's chest and face. At the end of one video, the text on the screen says, "What a sexy little baby cunt! Maybe I'll shit on the bitch next time." Given the gruesome evidence the jury will see in this case, the admission of defendant's prior convictions for non-penetrative molestation pale in comparison.

## V. Admissibility of Evidence under Federal Rule 404(b)[4]

Federal Rule 404(b) provides:

---

[4] Rule 404(b) requires "reasonable notice" upon the defendant's request, this motion filed over 30 days before trial fulfills that requirement.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at the trial.

The admission of evidence under Rule 404(b) is within the sound discretion of the trial court. A trial court's evidentiary rulings will not be reversed on appeal absent a clear showing of abuse of discretion. Recently, the Seventh Circuit sitting *en banc,* adopted "a more straightforward rules-based approach," which is summarized as follows:

> [T]o overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way. *See* Fed. R. Evid. 401, 402, 404(b). Other-act evidence need not be excluded whenever a propensity inference can be drawn. But its relevance to "another purpose" must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case. If the proponent can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great. The court's Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case.

*United States v. Stacy,* 769 F.3d 969, 974 (7th Cir. 2014) (citing *United States v. Gomez,* 763 F.3d 845, 853, 860 (7th Cir. 2014) (*en banc*)).

In *Gomez* and its progeny, the Court of Appeals explained that Rule 404(b) covers the entire process of using other-act evidence, and that process has four components:

(1) This Court must determine whether the evidence is relevant under Rules 401 and 402;

(2) Then determine whether it is categorically inadmissible under Rule 404(b);

(3) If not "foreclosed by Rule 404(b)," this Court must determine, if the evidence should be excluded under Rule 403;

(4) Finally, if the evidence is admissible, a proper limiting instruction should be given to the jury about permissible and forbidden inferences.

*United States v. Lawson*, 776 F.3d 519, 522 (7th Cir. 2015).

The proffered evidence is highly relevant under Rule 401. Defendant's sexual acts with John Doe 1, Jane Doe 1, and John Doe 2 are probative to the jury's determination that he used, persuaded, induced, enticed, and coerced John Doe 1, as charged in Count Two, and unidentified minors, as charged in Count Three, to produce child pornography and that he knowingly possessed child pornography. In *United States v. Sebolt*, 460 F.3d 910 (7th Cir. 2006), the court upheld the admissibility of the defendant's statement through chat logs that he sexually molested a young male relative in the past. *Id.* at 917. The court stated, "[p]rior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of defendant's motive to commit a charged offense involving sexual exploitation of children." *Id. (citing United States v. Cunningham,* 103 F.3d 553, 556 (7th Cir. 1996)* The government anticipates that defendant may assert in his defense that another person committed the offenses

charged in the indictment, therefore, the proffered evidence "may serve to identify the defendant to the crime." *Sebolt* at 917.

Further, the proffer evidence is also relevant to show defendant's motive and intent to produce pornographic images of minors. In *United States v. Stokes*, the Seventh Circuit emphasized its support of the admission of a defendant's past acts of child molestation "to show motive in child-pornography cases." 726 F.3d 880, 897 (7th Cir. 2013) *cert. denied,* 134 S. Ct. 713, 187 L. Ed. 2d 573 (2013) (citing *United States v. Russell,* 662 F.3d 831, 846–47 (7th Cir. 2011) (holding that prior molestation was allowed under Rule 404(b) to show defendant's motive in taking obscene photographs of children); *Sebolt,* 460 F.3d 910, 917 (7th Cir. 2006) (holding that prior acts of sexual misconduct with a child are admissible to establish defendant's sexual interest in children and motive under Rule 404(b)). Evidence that defendant molested three minor children directly addresses his identity, motive, and intent to commit the crimes charged in the indictment.

The striking similarity of the proffered evidence between John Doe 2 and John Doe 1, pandering to the child's interest by playing video games or offering rewards, such as candy or money, shows a common plan or scheme of "grooming" minors for his own sexual gratification. Child sexual abuse can be accomplished by several means, and is often carried about through a period of "grooming." *United States v. Chambers*, 642 F.3d 588, 593 (7th Cir. 2011) (*citing United States v. Berg*, 640 F.3d 239, 252 (7th Cir. 2011)). "Grooming" refers to deliberate actions taken by a defendant to expose a child to sexual conduct or material; the ultimate goal of grooming is the formation of an emotional connection with the child and a reduction of the child's inhibitions in order to prepare

the child for sexual activity." *Id., citing Doe v. Liberatore*, 478 F. Supp. 2d 742, 749-50 (M.D. Pa. 2007) and Sana Loue, Legal and Epidemiological Aspects of Child Maltreatment, 19 J. LEGAL MED. 471, 479 (1998). Additionally, as noted in *Chambers*, "[c]hild exploitation statutes target the sexual grooming of minors as well as the actual sexual exploitation of them and the focus is on the intended effect on the minor rather than necessarily the defendant's intent to engage in sexual activity." *Id. See also, United States v. Hensley*, 574 F.3d 384, 391 (7th Cir. 2009); *United States v. Gladish*, 536 F.3d 646, 649 (7th Cir. 2008).

The defendant's conduct here showing John Doe 1 pornography, introducing him to sex toys, and offering him rewards like candy and money are classic "grooming" techniques, designed to desensitize the victims and to normalize sexual behavior. Similarly, defendant's interest in children's video games with John Doe 2, allowed him to gain access to John Doe 2. This conduct demonstrates defendant's common plan or scheme of "grooming" John Doe 1 and John Doe 2 to prepare them for sexual activity. The Seventh Circuit has condoned the introduction of such similar other acts, that are not too remote in time, and that are similar in nature as the charged crime, as evidence of a common plan or scheme. *See e.g., United States v. Liefer*, "[e]vidence of the same or common or connected or inseparable plan or scheme or transaction may be introduced to 'complete the story of the crime on trial by proving its immediate context of happenings near in time and place.' " 778 F.2d 1236, 1252 (7th Cir. 1985). *See also, United States v. Zapata*, 871 F.2d 616, 621 (7th Cir. 1989) (evidence of defendant's prior cocaine transaction was admissible to show defendant's access to cocaine, ability to acquire customers, and similarity between the modus operandi of temporally close transactions);

*United States v. Fearns*, 501 F.2d 486, 491 (7th Cir. 1974) (evidence showing forgery and cashing of stolen checks carried out by same three people in same way with respect to 25 or 30 checks, and which encompassed dates of acts charged in indictment, established design or system). As noted in *Liefer,* evidence of defendant's common plan and scheme of enticing minors to produce child pornography is "directed towards establishing a matter in issue other than [the defendant's] propensity to commit the crime." *See Id.* at 1243, *quoting United States v. Shackelford*, 738 F.2d 776, 779 (7th Cir. 1984).

Once this Court finds that the evidence is relevant pursuant to Rules 401 and 402, the purpose for which the evidence is being offered is permissible under 404(b), it must also find that the evidence is "not substantially more unfairly prejudicial than probative under Rule 403." *Gomez,* 763 F.3d 845, 852-53. This Court enjoys a great deal of latitude in determining whether to admit evidence over a Rule 403 objection and review of this decision is for abuse of discretion. *See United States v. Williams*, 238 F.3d 871, 874 (7th Cir. 2001). "[T]he court's admission of evidence under Rule 403 of the Federal Rules of Evidence is entitled to special deference. Only in an extreme case are appellate judges competent to second-guess the judgment of the person on the spot – the trial judge." *Id.* at 991, *quoting United States v. Gardner*, 211 F.3d 1049, 1055 (7th Cir. 2000) (internal citations and quotation marks omitted). "Evidence is unfairly prejudicial if it induces the jury to decide the case on an improper basis rather than on the evidence presented." *United States v. Haldar,* 751 F.3d 450, 458 (7th Cir. 2014) (quoting *United States v. Conner,* 583 F.3d 1011, 1025 (7th Cir. 2009)).

There is an unavoidable, inherent risk of prejudice against the defendant every time a party seeks to admit evidence of other acts. Indeed the United States would not seek to admit irrelevant facts, additionally, in child sex crimes, there is always a risk of prejudice to the defendant from the moment the court reads the indictment to the jury. However, "excluding other-acts evidence on that basis would make it nearly impossible to ever admit such evidence." *United States v. Schmitt*, 770 F.3d 524, 535 (7th Cir. 2014) *cert. denied,* 135 S. Ct. 1537, 191 L. Ed. 2d 565 (2015). The court's determination is not any risk of prejudice, but whether the other acts pose an unfair risk of prejudice. This Court can take steps to minimize the risk by considering whether the fact "is seriously contested and whether a jury instruction could cure the potential prejudicial effect." *Gomez,* 763 F.3d at 857, 860; *United States v. Jones,* 455 F.3d 800, 809 (7th Cir. 2006) (limiting instructions are effective in reducing or eliminating any possible unfair prejudice from the introduction of Rule 404(b) evidence).

The Seventh Circuit has repeatedly recognized the substantial prejudice that the admission of other acts of child molestation necessarily poses to any defendant; yet, the court has "regularly sustained the admission of such evidence when probative of a defendant's motive, intent, or other pertinent (and admissible) factor." *United States v. Roux*, 715 F.3d 1019, 1026 (7th Cir. 2013); *United States v. Chambers,* 642 F.3d 588, 595–96 (7th Cir. 2011). Here, the jury will hear testimony from the minor and see images of child pornography that defendant produced and were located on his media. The proffered conduct is no more prejudicial than the nature and circumstances of the charged conduct. Therefore, the risk of unfair prejudice is minimal.

## VI.   Conclusion

The law supports the admission of the proffered evidence to show intent, motive, common plan or scheme and identity under both Fed. R. Evid. 414 and 404(b).

WHEREFORE, the United States respectfully requests that this Court allow the admission of evidence of proffered acts of child molestation.

Respectfully submitted,

JOHN C. MILHISER
   *United States Attorney*

S/ELLY M. PEIRSON
*Assistant United States Attorney*
IL Bar No. 6298075
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record.


s/Elly M. Peirson
*Assistant United States Attorney*